**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACQUELINE KUSHNER and LARRY KUSHNER, | : : : | CIVIL ACTION NO. 10-5488 (MLC) |
| Plaintiffs, | : : | **O P I N I O N** |
| v. | : : | |
| WACHOVIA BANK, N.A., et al., | : : | |
| Defendants. | : : | |

**THE PLAINTIFFS**, who are pro se, apply for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) This Court, based upon the plaintiffs' current financial situation, will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.

**THE PLAINTIFFS** bring this action ("Federal Action") against the defendants listed as (1) Wachovia Bank, NA, and Wachovia Mortgage, FSB (collectively, "Wachovia"), (2) Powers Kirn, LLC ("PKLLC"), (3) Mari-Beth Mayer, (4) the Hon. Thomas W. Cavanaugh of New Jersey Superior Court, Monmouth Vicinage, Chancery

Division, (5) the Sheriff of Monmouth County, (6) Westwinds Condominium Association ("WWCA"), and (7) World Savings Bank, FSB ("World Savings").  (Dkt. entry no. 1, Compl. at 1-2.)

**THE PLAINTIFFS** bring the Federal Action under Section 1331, and allege violations of their constitutional rights concerning their property ("Property") that was foreclosed upon and sold in a Sheriff's sale pursuant to a state court order.  The plaintiffs allege that (1) Wachovia and World Savings brought a foreclosure action against them in state court concerning the Property ("State Foreclosure Action"), (2) Judge Cavanaugh entered the order directing foreclosure and the sale of the Property, and declined to vacate the order, (3) PKLLC and the Sheriff scheduled a sale and sold the Property, and PKLLC "served papers in the Appeal of this matter on the Plaintiff[s]", (4) Mayer "broke into" the Property "and converted to her own use . . . personal property worth in excess of seventy-five thousand dollars", and (5) WWCA has an interest in the Property that is not defined, but no claim in particular is asserted against WWCA.  (Id. at 1-4.)  The plaintiffs seek "to be restored to possession" of the Property.  (Id. at 4.)

**THE PLAINTIFFS** are attempting to avoid an order in the State Foreclosure Action.  The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of

Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923).  Indeed, the plaintiffs suggest that an appeal is pending in the State Foreclosure Action.  (See Compl. at 4.)

**THE ROOKER-FELDMAN DOCTRINE** bars adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders. See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Foreclosure Action.  See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claim concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state court judgment); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss complaint concerning state foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal; noting order dismissed claims concerning foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same).

**THE STATE FORECLOSURE ACTION** also is ongoing, as an appeal is pending therein. (See Compl. at 4.) A federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). This Court cannot interfere with the ongoing State Foreclosure Action. See Gray v. Pagano, 287 Fed.Appx. 155, 157-58 (3d Cir. 2008) (dismissing complaint filed in connection to ongoing state foreclosure action, inter alia, as barred by Younger abstention); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting district court order dismissed claims concerning ongoing state foreclosure action as barred by Younger abstention).

**THE FEDERAL ACTION** also is barred by the doctrines of res judicata, collateral estoppel, and immunity.[1] Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

---

[1] The Court can sua sponte address affirmative defenses when a plaintiff proceeds under Section 1915. Ezekoye v. Ocwen Fed. Bank, 179 Fed.Appx. 111, 114 (3d Cir. 2005).

4

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit". Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit". Id.

**ALL OF THE COMPONENTS** of res judicata may be satisfied here, as (1) the state court in the State Foreclosure Action has issued an order or a judgment, which is valid, see Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984) (stating judgment that is final and thus res judicata in one state's courts will be given full faith and credit by all other United States courts), (2) the plaintiffs are parties to the State Foreclosure Action, and the defendants in the Federal Action are parties, or in privity with those involved, in the State Foreclosure Action, and (3) the claims in the Federal Action arise from the same transactions or occurrences as the claims that were raised, or should have been raised, in the State Foreclosure Action. See Moncrief, 275 Fed.Appx. at 153-54 (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by res judicata); Ezekoye, 179 Fed.Appx. at 113 (dismissing appeal as frivolous — in federal action concerning state foreclosure

5

proceeding — from order dismissing claims that were and could have been raised against bank and its employees, who were not all parties to state proceeding, based on res judicata); <u>Ayres-Fountain</u>, 153 Fed.Appx. at 92 (noting federal claims concerning state foreclosure action would be barred by res judicata); <u>see also</u> <u>El Ali</u>, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning state foreclosure action, <u>inter alia</u>, as barred by res judicata).

> **COLLATERAL ESTOPPEL**, or issue preclusion:
>
> proscribes relitigation when the identical issue already has been fully litigated.  [It] may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

<u>Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund v. Centra</u>, 983 F.2d 495, 505 (3d Cir. 1992).  All of the components of collateral estoppel may be satisfied here, as (1) the issues related to the foreclosure on the Property were adjudicated in the State Foreclosure Action, (2) any order or judgment would be final and on the merits, (3) the plaintiffs were parties in the State Foreclosure Action, and (4) the plaintiffs would have had a full and fair opportunity to litigate these issues.  <u>See</u> <u>Ezekoye</u>, 179 Fed.Appx. at 113-14 (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from

order dismissing claims against bank's counsel for allegedly securing unlawful judgment as barred by estoppel).

**THE FEDERAL ACTION** also is barred under doctrines of immunity. Judge Cavanaugh's alleged conduct concerns judicial acts. Judges and state courts cannot be held civilly liable for judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). The claims asserted against the Sheriff also are barred by qualified immunity, as the Sheriff's conduct violated no clearly established statutory or constitutional rights. See Gray, 287 Fed.Appx. at 158-59 (noting claim against sheriff putting property up for foreclosure sale, inter alia, was barred by immunity); see also Shih-Ling Chen, 145 Fed.Appx. at 725 (dismissing appeal; noting order dismissed claims against sheriff connected to foreclosure sale as barred by immunity).

**THE COURT NOTES** that the claims asserting constitutional violations against Wachovia, PKLLC, Mayer, WWCA, and World Savings are frivolous, as those defendants are not state actors. See Brookhart v. Rohr, 385 Fed.Appx. 67, 68 (3d Cir. 2010) (dismissing appeal; noting order dismissed allegations concerning constitutionally violative conduct by private parties in state court foreclosure action because they were not state actors).

7

**THE PLAINTIFFS**, who are New Jersey citizens, may be attempting to assert jurisdiction under Section 1332, as they allege that Mayer "converted" property worth in excess of $75,000. (Compl. at 3.)  But the plaintiffs fail — and would be unable — to show that no defendant is a New Jersey citizen, i.e., that each defendant is a "citizen[] of [a] different State[]" in relation to each plaintiff.  28 U.S.C. § 1332(a)(1); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants" (emphasis added)); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same).

**THE PLAINTIFFS** also seem to allege that the State Foreclosure Action and the subsequent sale of the Property were conducted in violation of an automatic stay issued by the United States Bankruptcy Court in relation to a bankruptcy petition filed by the plaintiffs.  (Compl. at 3.)  If that indeed occurred, then the plaintiffs should seek relief initially in Bankruptcy Court under the appropriate docket number therein, and not in a federal district court.  See Fields v. Bleiman, 267 Fed.Appx. 144, 145 (3d Cir.) (concerning motion to reopen bankruptcy case by debtor alleging that creditor violated stay by initiating state foreclosure proceeding), cert. denied, 129 S.Ct. 597 (2008).

**THE COURT** also will dismiss the Complaint insofar as it may be construed to assert claims under state law, see 28 U.S.C. § 1367(c)(3), but without prejudice to the plaintiffs to recommence the action insofar as it concerns those claims in state court, as the limitations period for a cause of action is tolled by the filing of a federal complaint.  See 28 U.S.C. § 1367(d).

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:    December 8, 2010